United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50470
Summary Calendar

_____

ROQUE TERCERO-ARANDA,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-241-DB
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roque Tercero-Aranda, Texas prisoner # 805045, was ordered deported in absentia in April 1993. In June 1997, while Tercero was a pretrial detainee in Texas on state charges of burglary of a habitation, the Immigration and Naturalization Service lodged a detainer against him. Tercero filed a habeas corpus petition under 28 U.S.C. § 2241 alleging that, by the terms of the detainer lodged against him, he should have been released from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state custody into the custody of the INS within 48 hours of the detainer having been lodged. He also alleged that the Attorney General took technical custody of him at that time and that the Attorney General has engaged in affirmative misconduct by failing to remove him to Mexico within 90 days of having taken custody of him.

Tercero contends that the district court failed to liberally construe his pro se pleadings. We conclude that this contention is unsupported by the record. We further conclude that the INS detainer lodged against Tercero did not have the effect that he understood it to have. See 8 C.F.R. § 287.7(a) and (d). Tercero has not shown that the district court erred in dismissing his 28 U.S.C. § 2241 petition. See 8 U.S.C. § 1231(a)(4)(A); Warren v. Miles, 230 F.3d 688, 691 (5th Cir. 2000).

AFFIRMED.