**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROQUE ARANDA TERCERO,

        Plaintiff - Appellant,

  v.

ERIC HOLDER, Attorney General;
JANET NAPOLITANO, Secretary of
the Department of Homeland Security;
ADRIAN P. MACIAS, U.S. ICE Field
Office Director for the El Paso
Division; and RAY TERRY, Warden,

        Defendants - Appellees.

------------------------------------------

ROQUE ARANDA TERCERO,

        Petitioner - Appellant,

  v.

ATTORNEY GENERAL FOR THE
STATE OF TEXAS; ERIC H.
HOLDER, U.S. Attorney General;
JANET NAPOLITANO, Secretary of
the Department of Homeland Security;
ADRIAN P. MACIAS, U.S. ICE Field
Office Director for the El Paso Field
Office; RAY TERRY, Warden,

        Respondents - Appellees.

No. 12-2175

(D. New Mexico)

(D.C. No. 1:12-CV-00246-RB-KBM)

No. 12-2193

(D. New Mexico)

(D.C. No. 2:12-CV-00153-MCA-RHS)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

These two appeals are resolved together, inasmuch as they involve the identical Mexican national, Roque Aranda Tercero, proceeding *pro se*, who seeks relief in various ways from the deportation proceedings to which he is subject. We nonetheless address each appeal separately because each has distinct issues.

**Appeal No. 12-2193**

Mr. Tercero, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's order dismissing his petition under 28 U.S.C. § 2254. He also appeals the dismissal of his 28 U.S.C. § 2241 petition. We deny Mr. Tercero a COA and dismiss this matter with respect to his

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

§ 2254 claims, and affirm the district court's dismissal of Mr. Tercero's other claims.

As indicated, Mr. Tercero is a Mexican citizen subject to a final order of deportation. He is no stranger to our judicial system: "He has a long history of criminal activity and of abusive litigation in many courts. See Tercero v. Holder, No. CV 12-0246 RB/KBM Doc. 56 (D.N.M. Oct. 4, 2012)." Mem. Op. & Order at 1. In the instant petition, brought pursuant to 28 U.S.C. § 2254 and § 2241, Mr. Tercero challenged a Texas criminal conviction because, as he stated in his own petition, "I.C.E. [Immigration and Customs Enforcement] is using that same conviction to remove [him] for a second time." Mem. Op. & Order at 1-2 (quoting Pet. at 6).

The district court noted that Mr. Tercero was seeking relief in district court in our circuit (the Tenth Circuit) because he has received unfavorable rulings in removal proceedings and judicial proceedings in Texas and in the Fifth Circuit. After acknowledging that Texas would provide the more convenient forum for Mr. Tercero's claims, the court then applied the factors set out in Trujillo v. Williams, 465 F.3d 1223 n.16 (10th Cir. 2006), to determine whether to transfer the case to Texas or dismiss it. Applying the Trujillo factors (whether the new proceeding would be time-barred, whether his claims are likely to have merit and whether his § 2254 claims are time-barred) the district court concluded that the "Trujillo factors weigh conclusively in favor of dismissal rather than transfer, [so]

-3-

the Court will dismiss Petitioner's claims under § 2254 without prejudice." Mem. Op. & Order at 3. The court further, *sua sponte*, determined that Mr. Tercero's "allegations under § 2254 fail to make a substantial showing that he has been denied a constitutional right" and it accordingly denied Mr. Tercero a COA.

The district court then considered Mr. Tercero's claims under § 2241 and deemed them barred by the doctrine of abuse of the writ. The court stated as follows:

> Here, Petitioner already had a pending proceeding under § 2241 when he filed this petition. See Tercero v. Gonzales, No. CV 11-1035 JH/SMV. He has thus filed at least one prior petition challenging his deportation, and the instant claims could have been brought in the earlier proceeding. After filing the instant petition, Petitioner then filed a third petition, see Tercero v. Holder, No. CV 12-0246 RB/KBM, which the Court dismissed for lack of jurisdiction. And in his memorandum in support of his petition, Petitioner states that he has previously challenged deportation orders "at least 4 times pursuant to § 2241."

Mem. Op. & Order at 3-4.[1] The district court observed that a second or successive § 2241 petition raising a claim which could have been presented in an earlier petition but was not, should be dismissed as abusive absent a showing of either cause and prejudice or a fundamental miscarriage of justice. Noting that Mr. Tercero has made no showing of cause and prejudice or a fundamental

---

[1]The district court's reference to Mr. Tercero's petition No. CV 12-0246 RB/KBM is the petition whose appeal we address in this order and judgment as Appeal No. 12-2175.

miscarriage of justice, the court dismissed his § 2241 claims as barred by the doctrine of abuse of the writ.

In summary, the district court denied a COA for his § 2254 claims and dismissed them and it dismissed without prejudice his § 2254 claims to the extent he sought to have them resolved in the incorrect jurisdiction. The court dismissed his § 2241 claims as an abuse of the writ. This appeal followed.

On appeal, Mr. Tercero makes a number of arguments, not all of which are clear. One point he repeatedly makes is that he would like to "drop the challenge against the Texas conviction in part since he is not trying to invalidate the state conviction." Appellant's Op. Br. at 2. He also objects to any reference to his extensive history of criminal activity and abusive litigation because, he claims, that is irrelevant to his "new credible fear of persecution or torture [claim under] . . . the United Nations' Convention Against Torture . . . 'CAT' claim." Id. Mr. Tercero then identifies as a major concern the "bar issued by the district court imposing the doctrine of abuse of the writ." Id. Finally, he assesses error in the district court's failure to liberally construe his pleadings, in accordance with the Supreme Court's directive in Haines v. Kerner, 404 U.S. 519 (1972), and our cases following Haines. See, e.g., Toevs v. Reid, 685 F.3d 903 (10th Cir. 2012); Watkins v. Leyba, 543 F.3d 624 (10th Cir. 2008).

With respect to his claim that any reference to his extensive litigation history is irrelevant to his current CAT claim, he misses the point that his

-5-

extensive litigation is very relevant to the court's determination that Mr. Tercero has abused the writ. He fails to understand that he does not have an endless supply of habeas petitions available to him. Thus, his history of having already filed many such petitions is relevant to any further petitions he files.

Mr. Tercero's argument about the abuse of the writ is not completely clear, but he seems to primarily take issue with the district court's reference to the "cause and prejudice" and "fundamental miscarriage of justice" exceptions to the determination that the writ has been abused. As the district court noted, "[A] second or subsequent § 2241 petition which raises a new claim, which could have been raised in an earlier petition, should be dismissed as abusive under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice." Lambros v. Booker, 216 F.3d 1087, 1087 (10th Cir. 2000) (unpublished). The district court further observed that Mr. Tercero already had a pending proceeding under § 2241 and he had filed "at least one" prior petition challenging his deportation. His current argument could have been brought in either of those prior petitions. Mr. Tercero does not address his failure to do so.

Mr. Tercero states that his "third and last issue" appears to be a combination of all of his prior issues, although it is not clear how they coalesce to make an argument that the district court erred. He repeats his arguments that the district court erred in dismissing his case with prejudice, in declaring that he is

barred by the doctrine of abuse of the writ and in stating that he is not the subject of a final order of deportation.

The relief Mr. Tercero seeks is to have his case remanded to a different district court judge, and remanded to a magistrate judge for a new analysis, including an evidentiary hearing, if needed, and to require the Warden of the processing center in which Mr. Tercero is held to file a response.

As indicated above, Mr. Tercero, in part, seeks a COA to enable him to appeal the district court's dismissal of his § 2254 claims. Pursuant to 28 U.S.C. § 2253 (c)(2), a prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court's order was thorough and precise. It explained why a COA would not issue, it explained why his § 2254 claims would be dismissed rather than transferred, and it explained why his § 2241 claims would be dismissed under the doctrine of abuse of the writ. We cannot improve on its analysis. Accordingly, for substantially the reasons set forth in that decision, we agree that a COA should not issue and the other claims should be dismissed.

**Appeal No. 12-2175**

In this appeal, Mr. Tercero seeks permission to proceed on appeal *in forma pauperis* to challenge the dismissal of his action under 28 U.S.C. § 2241. In his petition, filed purportedly on behalf of himself and other aliens detained in Chaparral, New Mexico, Mr. Tercero alleged violations of due process based on (1) "forum shopping" by the Department of Homeland Security due to its decision to conduct deportation proceedings in El Paso, Texas, rather than Chaparral, New Mexico, where the aliens were detained; and (2) the failure of the DHS to obtain consent from detainees to attend hearings by videoconference. The district court observed that Mr. Tercero was trying to bring his claims in the District of New Mexico, within the Tenth Circuit, because he had already received unfavorable rulings from the Fifth Circuit and from Texas courts. The court ultimately dismissed Mr. Tercero's claims for lack of jurisdiction because Mr. Tercero was either challenging discretionary decisions of the Attorney General, non-final

-8-

orders, or other decisions and actions by the Attorney General over which the court lacked jurisdiction.

While that is the essence of the district court's decision, a more detailed explanation provides background to Mr. Tercero, who is no stranger to the courts in our circuit and in the Fifth Circuit. The court quoted from another decision involving Mr. Tercero as follows:

> Aranda-Tercero is no stranger to federal litigation, having filed over 170 suits, petitions, or appeals in our federal court between 1999 and 2006, not counting the four cases he recently filed in this Court. Aranda-Tercero is a fifty-eight year old Mexican citizen who illegally entered this country by the age of twelve, where he was educated; married and had seven children who were all born here; and became a one-man crime wave with over twenty arrests and convictions for various crimes, including drug crimes, in California, Texas, and Mexico. Tercero-Aranda v. Abbott, No. 03-06-00740-CV, 2009 WL 483349 (Tex. Ct. App.-Austin Feb. 27, 2009) ("On October 7, 1997, a jury in Gaines County, Texas found Aranda guilty of burglary of a habitation. Aranda's conviction was affirmed by the Eighth Court of Appeals of Texas on December 3, 1998, and Aranda did not seek review by the Texas Court of Criminal Appeals. His conviction became final on January 2, 1999.") Tercero-Aranda v. Ashcroft, No. 03-50470, 78 Fed. App'x 973, 2003 WL 22430538,**1 (5th Cir. Oct. 27, 2003) (noting that Tercero-Aranda "was ordered deported in absentia in April 1993"); People v. Tercero-Aranda, CO 41148, 2003 WL 22245909, *1 (Cal. App. 3 Dist. Oct. 1, 2003) ("On April 22, 1986, defendant Roque Tercero-Aranda pleaded guilty in federal court to being a deported alien found in the United States. On May 14, 1986, in the San Joaquin County Superior Court, defendant pleaded guilty to one count of receiving stolen property and was placed on five years' probation conditioned upon, *inter alia,* service of 417 days in the county jail. Following his release from the county jail, defendant was delivered to federal agents and deported."). He has been denied asylum at least once on a previous claim that he was tortured in Mexico; he has been deported at least four times; and he has served two stints in Mexican prisons on drug

charges—once in 1987 and again from 2009-2011.  Aranda-Tercero v. Gonzales, No. 05-60650, 235 Fed. App'x 321 (5th Cir. Aug. 13, 2007) (affirming the BIA's denial as untimely . . . Aranda-Tercero's 2005 petition to reopen his deportation order "for the purpose of seeking protection under the Convention Against Torture(CAT)"). He is currently being detained in Chaparral, New Mexico pending removal.

Order Dismissing Habeas Petition at 2 (quoting Tercero v. Comisario, No. 11-cv-00982 MCA/LAM at 1-2 (D.N.M. Feb. 13, 2012) (dismissing complaint and imposing filing restrictions), appeal dismissed, No. 12-2034 (10th Cir. May 17, 2012) (dismissing appeal as "wholly frivolous").[2]

As the district court further recounted, after Mr. Tercero was released from a Mexican prison in 2011, he again attempted to illegally reenter the United States and was placed back in detention for another round of deportation proceedings in El Paso, Texas.  Mr. Tercero apparently again seeks asylum, claiming (again) he was tortured in Mexico.  Despite his efforts to have his removal proceedings (and those of other detainees) removed from El Paso, the Bureau of Immigration Appeals has ordered them continued in El Paso.

The district court characterized Mr. Tercero's instant habeas petition as follows:  "Tercero generally alleges as the basis of his habeas petition that his and the other detainees' constitutional rights to due process are being violated for two

---

[2]The district court further observed that the "federal courts in the Western District of Texas have recently dismissed all of Tercero's numerous recent filings for his failure to comply with filing restrictions and orders to pay sanctions." Order at 3 n.1 (citing six additional cases failed by Mr. Tercero and dismissed by the federal courts of Texas).

-10-

reasons. First, he contends that the INS is 'forum shopping' and that [he has] a right for [his] deportation proceedings to be held in Chaparral, NM, where [he] is detained, instead of in El Paso, Texas." Order at 4.[3] "Second he makes a general statement that 'most aliens . . . are never asked if they consent to the available options' of appearing for a hearing by video teleconferencing, and asserts that an alien must consent to the option." Id.

The district court then concluded that it had no jurisdiction to consider Mr. Tercero's arguments or to grant him habeas relief. Under applicable immigration statutes, "The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). Accordingly, the Attorney General's discretionary decision to detain Mr. Tercero and others in New Mexico is not reviewable by way of a habeas petition. The court also explained why judicial review could only follow a final order and why no court has jurisdiction to hear claims arising from "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal proceedings." 8 U.S.C. § 1252(g).

The district court's explanation as to why it lacked jurisdiction over Mr. Tercero's habeas petition was succinct and clear. We cannot improve on its analysis. Accordingly, for substantially the reasons stated in the district court's

---

[3]He seeks removal from El Paso, Texas, because the numerous court decisions rendered in his cases in Texas have been unfavorable.

order, we affirm the dismissal of Mr. Tercero's habeas petition. We deny Mr.

Tercero's request to proceed on appeal *in forma pauperis*.

For the foregoing reasons, we DENY a COA and DISMISS the other claims

in Appeal No. 12-2193; and we AFFIRM the DISMISSAL of Appeal No.

12-2175.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge