**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DOUGLAS LLOYD TOOLEY,

        Defendant - Appellant.

No. 12-1335

(D. Colorado)

(D.C. No. 1:12-CR-00018-JKL-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Douglas L. Tooley, appearing *pro se*, appeals his conviction and sentence following a bench trial finding him guilty of camping

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

overnight in an area closed to camping by a permanent closure order, in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.58(e).  We affirm.

**BACKGROUND**

On November 19, 2010, the government filed a one-count information against Mr. Tooley, charging him, as stated above, with camping overnight in a closed area.  After various pre-trial motions were resolved, Mr. Tooley was convicted of the charge at a bench trial on April 18, 2011.  He was ordered to either pay a fine of $75, along with a special assessment fee of $10, by July 1, 2011, or to appear in court on July 5, 2011.  Mr. Tooley eventually paid the fine.

On April 29, 2011, Mr. Tooley filed a notice of appeal in our court.  When the government challenged our court's jurisdiction, and Mr. Tooley failed to respond as ordered by this court, we dismissed the appeal for failure to prosecute, pursuant to 10th Cir. R. 42.1.  Mr. Tooley ultimately properly pursued his appeal in the district court, see 18 U.S.C. § 3402, which, on June 25, 2012, ordered briefing from Mr. Tooley and the government on the merits of the April 18, 2011, judgment against Mr. Tooley.  The district court then noted that Mr. Tooley had raised the following four arguments in his appeal from the magistrate judge's order:  "(1) request for counsel; (2) criminal and civil actions against abusive individuals acting under the color of federal authority; (3) failure to provide compensation for specific damages; and (4) findings of fact regarding payment of

-2-

fines." Order at 1-2, R. Vol. 1 at 63-64. The court concluded, however, that

Mr. Tooley "fail[ed] to develop them in any way. Although a *pro se* litigant's

lack of citation to specific cases or governing law may be expected and excused,

his failure to offer any factual arguments is fatal." Id. at 64. The court then

stated that, "[b]ecause Mr. Tooley offers neither factual nor legal argument in

support of his claims, his appeal is DENIED." Id. This appeal followed to our

court followed.

**DISCUSSION**

Mr. Tooley appears to raise two issues in this appeal: (1) "equal justice . . .

constructed as part of due process in the 14th and 5th constitutional

amendments," apparently based upon the fact that he "was camping [at the

prohibited location] because of, in part, the lack of prosecution of financial

crimes which, in part, caused the foreclosure of his property;" and (2) "malicious

abuse of process/harassment," apparently based upon the "unwritten law applied

to [Mr. Tooley] on the basis of directly related fraudulent arrest record."

Appellant's Op. Br. at 3. With respect to this second argument (malicious abuse

of process/harassment), Mr. Tooley concedes that "an argument for mens rea was

not made in the initial trial proceedings." Id.

Even assuming these arguments were raised below, Mr. Tooley's

allegations are completely conclusory and are presented without legal or factual

support.  We have stated the following with regard to *pro se* litigants such as

Mr. Tooley:

> Although a pro se litigant's pleadings are to be construed liberally
> and held to a less stringent standard than formal pleadings drafted by
> lawyers, this court has repeatedly insisted that pro se parties follow
> the same rules of procedure that govern other litigants.  Thus,
> although we make some allowances for the pro se plaintiff's failure
> to cite proper legal authority, his confusion of various legal theories,
> his poor syntax and sentence construction, or his unfamiliarity with
> pleading requirements, <u>the court cannot take on the responsibility of
> serving as the litigant's attorney in constructing arguments and
> searching the record</u>.

Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)

(further quotations and citations omitted) (emphasis added).  Thus, we "will not

supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf."  Smith v. United States, 561 F.3d

1090, 1096 (10th Cir. 2009) (further quotation omitted); see also United States v.

Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (noting that, even with a *pro se*

litigant, "we are not required to fashion Defendant's arguments for him where his

allegations are merely conclusory in nature and without supporting factual

averments"); United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012).

In sum, Mr. Tooley's briefs are wholly devoid of specific argument, legal

citation, factual averment or citation to the record.  In such a case, we have no

choice but to affirm the district court's dismissal of Mr. Tooley's appeal.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order, and we deny all pending motions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge