**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GABRIEL ESPARZA,

      Petitioner-Appellant,

v.

JAMES FALK, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 15-1028
(D.C. No. 1:14-CV-01186-CMA)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

Gabriel Esparza, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") in order to challenge the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also moves for

leave to proceed *in forma pauperis* ("IFP") on appeal. Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we conclude that Mr. Esparza has not made the

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Esparza appears pro se, we construe his filings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596
F.3d 1198, 1201 n.2 (10th Cir. 2010).

required showing for a COA to issue. Accordingly, we **deny** his application for a COA, **deny** his motion for IFP status, and **dismiss** this matter.

**I**

In 2005, a Colorado jury found Mr. Esparza guilty of first-degree murder, aggravated motor-vehicle theft, and a violation of a criminal restraining order. The trial court sentenced Mr. Esparza to life imprisonment without the possibility of parole. The Colorado Court of Appeals ("CCA") affirmed his conviction, and the Colorado Supreme Court denied certiorari. Mr. Esparza then filed a motion for post-conviction relief, *see* Colo. R. Crim. P. 35(c), which the state district court denied. The CCA affirmed the denial of post-conviction relief, and the Colorado Supreme Court again denied certiorari.

On April 28, 2014, Mr. Esparza filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. He asserted the following seven grounds for relief in his petition: (1) his warrantless arrest constituted a Fourth Amendment violation; (2) the trial court committed error under the Fourth Amendment in denying his motion to suppress the evidence obtained from his home; (3) he was tried before a biased judge in violation of his Fifth and Fourteenth Amendment due-process rights; (4) certain evidentiary rulings of the trial court violated his Sixth and Fourteenth Amendment due-process rights; (5) the trial court's refusal to hold a suppression

2

hearing violated his due-process rights; (6) the State committed prosecutorial misconduct; and (7) he received ineffective assistance of trial counsel.[2]

The district court concluded that Mr. Esparza was not entitled to habeas relief. Accordingly, it dismissed the action on the merits and denied a COA. Specifically, in a very thorough order issued January 5, 2015, the court addressed the merits of Mr. Esparza's claims and determined, in relevant part, that:

(1) state court proceedings (wherein the trial court and CCA properly applied the controlling constitutional standards) provided Mr. Esparza with an opportunity for full and fair litigation of his Fourth Amendment warrantless-arrest claim;

(2) the reasons warranting the denial of relief on his warrantless-arrest claim also justified denying relief on his suppression challenge;

(3) his bare averments did not demonstrate actual judicial bias or an appearance of bias;

(4) he failed to show that the trial court's evidentiary rulings undermined the fundamental fairness of his trial;

---

[2] The district court treated Mr. Esparza's ineffective-assistance claim as several sub-claims—*viz.*, Claims 7(a) through 7(d). In an order dated August 21, 2014, the court dismissed one of these sub-claims as procedurally barred. Because Mr. Esparza does not seek to challenge this determination, we do not address it here. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("The argument section of Plaintiffs' opening brief does not challenge the court's reasoning on this point. We therefore do not address the matter.").

(5) he identified no clearly established federal law in support of his request for a suppression hearing;

(6) he presented no evidence, let alone clear and convincing evidence, to overcome the presumption of correctness applicable to the CCA's factual determinations regarding his prosecutorial-misconduct claim; and

(7) he failed to demonstrate that the CCA's resolution of his ineffective-assistance claim resulted in a decision that was contrary to, or involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).

Mr. Esparza timely sought a COA to appeal from the district court's order.

## II

### A

A COA is a jurisdictional prerequisite to our adjudication of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012) (citing the "'clear' jurisdictional language . . . in § 2253(c)(1)"). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

4

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007).

In particular, in *Miller-El*, the Supreme Court instructed that the determination of whether a COA should issue "requires an overview of the claims in the habeas petition and a general assessment of their merits." 537 U.S. at 336. The Court has directed us to "look to the District Court's application of AEDPA [i.e., the Antiterrorism and Effective Death Penalty Act of 1996] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id.*; *see Dockins v. Hines*, 374 F.3d 935, 937 (10th Cir. 2004) (noting that the Court has made "clear" that "our COA decision is to be based on a review of the district court's application of AEDPA"). Heeding the rubric enunciated in *Miller-El*, we have emphasized "that in determining whether to issue a COA, a 'full consideration of the factual or legal bases adduced in support of the claims' is not required." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Miller-El*, 537 U.S. at 336).

**B**

Pursuant to the analytical framework that the Supreme Court has established, most notably in *Miller-El*, we have reviewed Mr. Esparza's combined opening brief and application for a COA and the record, including the district court's very thorough order denying relief under § 2254. Based upon our review,

5

which includes our "general assessment of the[ ] merits" of Mr. Esparza's stated grounds for relief, *Miller-El*, 537 U.S. at 336, we conclude that reasonable jurists would not debate the correctness of the district court's decision regarding any of his claims. We similarly conclude that Mr. Esparza has not demonstrated that any of the issues that he has presented are adequate to deserve encouragement to proceed further. Accordingly, we deny Mr. Esparza a COA and dismiss this matter.

Mr. Esparza also has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in th[is] action." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). For that reason, we conclude that he is not entitled to proceed on appeal without prepayment of fees, and we deny his motion for IFP status.

### III

Based on the foregoing, we **DENY** Mr. Esparza's request for a COA and **DENY** leave to proceed IFP. This matter is hereby **DISMISSED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

6