**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VITALY BORISOVICH KOLOSHA,

      Petitioner - Appellant,

v.

CARL BEAR, Warden,

      Respondent - Appellee

No. 15-5080
(D.C. No. 4:12-CV-00465-JHP-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Vitaly Borisovich Kolosha, a state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also moves us to

direct the district court to address the merits of the claims he raised in an

unsuccessful motion to amend or supplement his habeas petition, and to

---

[*]      This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Kolosha appears pro se, we construe his filings liberally, *see, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

reconsider his request to stay his appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that Mr. Kolosha has not made the required showing for a COA to issue, and that his two motions are without merit. Accordingly, we **deny** his application for a COA, **deny** his motions, and **dismiss** this matter.

## I

## A

An Oklahoma state jury found Mr. Kolosha guilty of four counts of lewd molestation, and the trial court sentenced him to twenty-seven years' imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and his sentence. Mr. Kolosha then filed a motion for postconviction relief. The state district court denied his motion for postconviction relief, and the OCCA affirmed.

On August 21, 2012, Mr. Kolosha filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. He asserted the following nine grounds for relief: (1) the trial court erred in admitting testimony about incidents of sexual abuse that were disclosed—but later recanted—by an additional possible victim; (2) the same testimony, which constituted "other crimes evidence," was not established by "clear and convincing evidence" as required by Oklahoma state law; (3) this "other crimes evidence" resulted in an excessive sentence; (4) trial counsel was constitutionally ineffective for failing to hire a Russian interpreter;

2

(5) trial counsel was constitutionally ineffective for failing to call Mr. Kolosha to testify after she told the jury that he would; (6) Mr. Kolosha was denied his right to testify; (7) the trial court failed to state for the record what facts and circumstances supported its finding that two victims' hearsay statements were reliable; (8) the trial court failed to provide a ruling regarding the admissibility of a videotape of a victim's interview; and (9) the trial court erred in allowing the videotape to be sent to the deliberation room with the jury.

In a very thorough order issued on August 6, 2015, the district court concluded that Mr. Kolosha was not entitled to habeas relief. Accordingly, it dismissed the action and denied a COA. The district court denied Mr. Kolosha's first three claims on the merits, and found that his remaining claims were procedurally defaulted. Specifically, regarding the first three claims, the court concluded that: (1–2) Mr. Kolosha failed to show that the admission of the "other crimes evidence" resulted in a fundamentally unfair trial; and (3) because Mr. Kolosha's sentence was within statutory limits and authorized by Oklahoma state law, the court had no discretion to review it.

Regarding Mr. Kolosha's six remaining claims for habeas relief—which he had raised for the first time in his state application for postconviction relief—the court concluded that they were procedurally defaulted because the OCCA had found them barred on an independent and adequate state procedural ground, Mr.

3

Kolosha had provided no new evidence of his innocence, and Mr. Kolosha could not demonstrate cause for the default or actual prejudice.

In reaching this procedural conclusion, the court rejected Mr. Kolosha's argument that the cause of his default was appellate counsel's constitutional ineffectiveness for failing to raise the claims on direct appeal because the court determined that none of the remaining claims were so plainly meritorious that appellate counsel was unreasonable for not raising them. The court explained its determination with regard to each remaining claim in detail. In brief, it concluded: (4) Mr. Kolosha failed to show a reasonable probability that, had appellate counsel raised his interpreter claim, he would have been granted relief because the record indicates that he did not need an interpreter; (5) Mr. Kolosha failed to show that trial counsel was deficient for not calling him to testify because she never told the jury that he would; (6) Mr. Kolosha failed to show a reasonable probability that, had appellate counsel raised his waiver-of-his-right-to-testify claim, he would have been granted relief because in an extensive colloquy with the court, he waived that right; (7–8) Mr. Kolosha failed to show a reasonable probability that, had appellate counsel raised claims relating to the admission of two victims' prior statements, he would have been granted relief because the trial court's failure to support its admissibility finding was harmless beyond a reasonable doubt; and (9) Mr. Kolosha failed to show a reasonable probability that, had appellate counsel raised his video-in-deliberation-room

4

claim, he would have been granted relief because the video was admitted during trial without objection, did not render the trial fundamentally unfair, and defense counsel invited any error.

The district court then denied a COA. The court explained that its application of the standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2254(d), to the OCCA's decision regarding Mr. Kolosha's first three claims was not debatable among jurists of reason. The court continued that Mr. Kolosha had failed to show that the court's denial of his remaining six claims on procedural grounds was debatable or incorrect. For these reasons, the court entered judgment against Mr. Kolosha on August 6, 2015.

On August 31, 2015, Mr. Kolosha moved for permission to amend his habeas petition and to vacate the district court's order; then, on September 3, 2015, he filed a notice of appeal and an application for a COA. In a single order issued on September 22, 2015, the district court dismissed Mr. Kolosha's motion and denied his application for a COA. First, the court construed the motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the entry of judgment. However, because Mr. Kolosha's motion challenged the substance of the court's resolution of his claims rather than some defect in the integrity of the federal habeas proceedings, the court treated it as an unauthorized second or successive

petition under § 2254(b), and dismissed it for lack of jurisdiction.[2] Next, the court denied Mr. Kolosha's request for reconsideration of its prior denial of a COA because he had presented nothing indicating that the court had erred.

**B**

On appeal, Mr. Kolosha filed a combined opening brief and application for a COA on October 6, 2015. He challenges the denial of his habeas petition, the denial of his motion to amend his petition, and the denial of a COA. Mr. Kolosha simply reasserts, however, the claims he raised before the district court, and argues: "Clearly these ground[s] proved ineffective assistance of counsel at pretrial, trial, and direct appeal, which trial court and state admitted when they ruled all claims should have been raised in direct appeal." Aplt. Opening Br. at 6.

With regard to a COA, Mr. Kolosha contends that he can "make a 'substantial' showing of the denial of more than one constitutional right"—specifically, that he can show that: (1) "The issues are debatable among jurist[s] as jurist[s] in 3 other federal circuits have ruled on same issues, differently than this court has in this case"; (2) "The questions and issues on appeal could, and do[,] present matters that deserve further proceedings, because other federal circuits have determined they did (do) in their circuits"; and (3) "Three (3) other federal circuit[] courts have, and could[,] resolve the issues

---

[2] The court also declined to transfer the second or successive petition to this court in the interest of justice because it concluded that there was no risk that a meritorious successive claim would be lost.

6

differently than this court did." Appl. for COA at 1–2. In support of these claims, Mr. Kolosha cites several habeas cases; however, most of them are either overruled, impossible to find with the cites provided, or are district court cases not binding on us. Moreover, he offers no analysis to support his belief that the district court erred.[3]

In addition, on February 25, 2016, Mr. Kolosha filed a motion to stay his appeal "to allow [the] lower court to rule" on his "Amended/Expanded and Supplemented *First* 2254 Application," which he had recently submitted to that court.[4] Notice-&-Mot. to-Stay Appeal to Allow Lower Ct. to Rule on the Attached 1 (filed Feb. 25, 2016). That same day, we issued an order denying Mr. Kolosha's motion to stay as moot because the district court had already denied his application for an extension of time to file an amended habeas petition. Nevertheless, on March 7, 2016, Mr. Kolosha filed a motion pursuant to Federal Rule of Civil Procedure 60(b), asking us to reconsider our order denying his

---

[3] Mr. Kolosha also asserts in his application for a COA that his many unspecified disabilities constitute extraordinary circumstances requiring a hearing. Mr. Kolosha cites four cases to support this proposition, but none of the cases mention disabilities, two of them are overruled, and only one—an overruled case—concerns AEDPA.

[4] On February 12, 2016, Mr. Kolosha filed an "Application for Extension of Time to File Supplemental/Amended Habeas Petition" in the district court. The district court denied his application on February 19, 2016, finding that Mr. Kolosha's filing of an appeal divested the district court of control over the matter, and reiterating that Mr. Kolosha may not file a second or successive habeas petition without authorization. Dist. Ct. Order at 2 (dated Feb. 19, 2016).

7

motion to stay.  Mr. Kolosha argues that our order denying his motion to stay erroneously assumed that the district court had denied his motion to amend his habeas petition *on the merits*, when the district court had only "declin[ed] *jurisdiction* to grant an exten[s]ion of time to file the amended, expanded, and supplemented *first* 2254 application."  R. 60(B) Mot. 1 (filed Mar. 7, 2016) (first emphasis added).

Finally, on March 18, 2016, Mr. Kolosha filed a motion asking us to direct the district court to address the merits of the claims he raised in his amended habeas application.  In this motion, Mr. Kolosha argues that he "is from a foreign nation," that he has "a disability impeading [sic] his ability to know, understand, or comply with rules he does not have any assistance in understanding or complying with," and that the district court order prevented "this court [from] consider[ing] the appeal of *any* district court order *in this* case."  Mot. to Direct Lower Ct. to Address Merits of Claims Raised in Suppl./Am./Expanded 2254 First Appl. 1, 2 (filed Mar. 18, 2016).

## II

### A

A COA is a jurisdictional prerequisite to our adjudication of the merits of an appeal from the district court's denial of a petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012)

8

(citing the "'clear' jurisdictional language . . . in § 2253(c)(1)"). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007). In addition,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

The Supreme Court has instructed that the threshold determination of whether a COA should issue "does not require full consideration of the factual or legal bases adduced in support of the claims"—"[i]n fact, the statute forbids it." *Miller-El*, 537 U.S. at 336. Instead, the statute "requires an overview of the

9

claims in the habeas petition and a general assessment of their merits";

specifically, we must "look to the District Court's application of AEDPA to

petitioner's constitutional claims and ask whether that resolution was debatable

amongst jurists of reason." *Id.*; *see also Dockins v. Hines*, 374 F.3d 935, 937

(10th Cir. 2004) (noting that the Court has made "clear" that "our COA decision

is to be based on a review of the district court's application of AEDPA"). In

accord with *Miller-El*, this court has emphasized "that in determining whether to

issue a COA, a 'full consideration of the factual or legal bases adduced in support

of the claims' is not required." *United States v. Moya*, 676 F.3d 1211, 1213 (10th

Cir. 2012) (quoting *Miller-El*, 537 U.S. at 336).[5]

**B**

Pursuant to the analytical framework that the Supreme Court has

established, we have reviewed Mr. Kolosha's opening brief, his application for a

COA, and the record. Based on our review, which includes our "general

assessment of the[ ] merits" of Mr. Kolosha's stated grounds for relief, *Miller-El*,

537 U.S. at 336, we conclude that reasonable jurists would not debate the

correctness of the district court's decisions on the merits of Mr. Kolosha's first

three claims. We further conclude that Mr. Kolosha has not demonstrated that

---

[5] Notably, this court has also emphasized that "the § 2255 motion must 'state facts that point to a real possibility of . . . error.'" *Id.* (citation omitted); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (noting that conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255).

10

any of these claims is adequate to deserve encouragement to proceed further. In addition, we conclude that reasonable jurists would not debate the correctness of the district court's decisions dismissing Mr. Kolosha's remaining six claims on procedural grounds. Mr. Kolosha has failed to provide any argument—much less precedential support indicating—that the district court erred in dismissing his claims. To the contrary, the district court's reasoning appears thorough and, in material respects, legally sound. Accordingly, we deny Mr. Kolosha a COA.

Next, we deny Mr. Kolosha's motion to direct the district court to address the merits of the claims he raised in his "supplemental/amended/expanded 2254 application." Mr. Kolosha does not dispute the district court's characterization of his motion as one brought under Federal Rule of Civil Procedure 59(e), its finding that the motion challenged the substance of the resolution of his habeas claims rather than some defect in the integrity of the habeas proceedings, and its conclusion that the motion was therefore an unauthorized second or successive petition. Mr. Kolosha also does not dispute that the district court lacks jurisdiction to grant unauthorized second or successive petitions; thus, he has effectively conceded that the district court lacked jurisdiction to grant his motion. Mr. Kolosha argues instead that he "is from a foreign nation," that he has "a disability impeding [sic] his ability to know, understand, or comply with rules," and that the district court order prevented "this court [from] consider[ing] the appeal of *any* district court order *in this* case." Mot. to Direct Lower Ct. to

11

Address Merits of Claims Raised in Suppl./Am./Expanded 2254 First Appl. 1, 2. But these arguments are not relevant to the district court's lack of jurisdiction, so they cannot avail him. Accordingly, we deny his motion.

Finally, we deny Mr. Kolosha's motion to reconsider our order denying his motion to stay this appeal. The sole basis of Mr. Kolosha's motion for a stay was "to allow [the] lower court to rule on" his application to amend his habeas petition. Notice-&-Mot. to-Stay Appeal to Allow Lower Ct. to Rule on the Attached 1 (filed Feb. 25, 2016). Once the district court ruled on Mr. Kolosha's application to amend his habeas petition—and denied it—Mr. Kolosha's request to stay this appeal became moot.[6] Accordingly, we deny Mr. Kolosha's motion to reconsider our order denying his motion for a stay.

### III

Based on the foregoing, we **DENY** Mr. Kolosha's request for a COA, **DENY** his motion based on the district court's refusal to address the merits of his his amended or supplemental habeas petition, and **DENY** his motion to reconsider

---

[6] Mr. Kolosha argues that our order denying his motion for a stay erroneously assumed that the district court had denied his motion to amend his habeas petition on the merits, instead of on jurisdictional grounds. But all that matters is that the district court denied his request to amend his habeas petition—the *basis* for that rejection is irrelevant to mootness.

our order denying a stay.  This matter is hereby **DISMISSED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge