PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

DOMINIC MOYA,

       Defendant - Appellant.

No. 11-2232

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NOS. 1:11-CV-00081-WJ-WDS and 1:09-CR-00761-WJ-1 )**

---

Dominic Moya, pro se.[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

     Defendant Dominic Moya, proceeding pro se, filed a motion for relief

under 28 U.S.C. § 2255 in the United States District Court for the District of New

Mexico. The district court denied the motion and rejected his application for a

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal the denial of a § 2255 motion). He now seeks a COA from this court. We deny the application for a COA and dismiss the appeal because no reasonable jurist could debate the district court's decision. Defendant argues that his counsel was ineffective in negotiating his plea agreement and that the district court erred in refusing to hold an evidentiary hearing on his attorney's ineffectiveness. But he has not alleged facts to support a finding that he was prejudiced by his attorney's purported ineffectiveness.

## I.    BACKGROUND

On March 26, 2009, a federal grand jury indicted Defendant on three counts: (1) being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2); (2) possessing cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B); and (3) carrying and possessing a firearm during, in relation to, and in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i). After his arraignment Defendant filed an unsuccessful motion to suppress evidence. He then reached a plea agreement with the government and pleaded guilty to the cocaine charge. The plea agreement provided that the other counts of the indictment would be dismissed. In exchange Defendant agreed to a 15-year sentence, waived his right to seek a downward departure from that sentence, and waived his right to appeal his sentence and

conviction. On April 12, 2010, the district court sentenced him to 15 years' imprisonment followed by four years of supervised release.

On January 21, 2011, Defendant filed his § 2255 motion in district court, contending that he had received ineffective assistance of counsel. First, he claimed that his attorney had been ineffective for failing to "arrange" or "advise [him] to enter into" a conditional plea agreement that preserved his right to appeal the denial of his suppression motion and to withdraw his guilty plea if he prevailed. R. at 4–5. Second, he claimed that his counsel had rendered ineffective assistance by failing to incorporate into his plea agreement Amendment 651 to the Sentencing Guidelines, *see* USSG § 4A1.3(b), which permits a downward departure on the ground that the defendant's criminal record overstates his criminal past. In addition, Defendant requested discovery and an evidentiary hearing. The district court denied both Defendant's § 2255 motion and his requests for discovery and an evidentiary hearing.

Construed liberally, Defendant's application for a COA in this court asserts that the district court improperly denied an evidentiary hearing on his § 2255 motion and that his counsel was ineffective for failing to negotiate a plea agreement that would have allowed him (1) to appeal the denial of his suppression motion and (2) to pursue a downward departure under Amendment 651. Defendant may also be arguing that his counsel was ineffective for failing to object to the presentence report's calculation of his criminal history and its

classification of his burglary as a crime of violence. But he did not raise these matters in district court and has not provided a "reason to deviate from the general rule that we do not address arguments presented for the first time on appeal." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

## II.  DISCUSSION

### A.  Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.* On the other hand, the § 2255 motion must "state facts that point to a real possibility of . . . error." Advisory Committee Note, 1976 Adoption, Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts (internal quotation marks omitted); *see* Advisory Committee Note, 1976 Adoption, Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts (referencing the § 2254 note); *United States v. Fischer*, 38 F.3d 1144, 1147 (10th Cir. 1994) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255).

### B.      Ineffective-Assistance-of-Counsel Claims

Defendant claims that his attorney was ineffective for failing to negotiate a plea agreement that preserved his rights to appeal the denial of his suppression motion and to pursue a downward departure.  To establish ineffective assistance of counsel, Defendant must show "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984).  In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Supreme Court said that when a defendant who has pleaded guilty brings an ineffective-assistance claim, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Defendant has not adequately pleaded prejudice under *Hill* because he has failed to allege that he would not have pleaded guilty absent his attorney's deficiencies.

We recognize that *Hill* has very recently been limited in its application. The Supreme Court articulated a new standard for showing prejudice in *Missouri*

*v. Frye*, No. 10-444, 2012 WL 932020 (S. Ct. March 21, 2012); *see also Lafler v. Cooper*, No. 10-209, 2012 WL 932019 (S. Ct. March 21, 2012).  The more general test set forth in *Frye* is whether the defendant can "show a reasonable probability that the end result of the criminal process would have been more favorable" to the defendant in the absence of counsel's deficiencies.  *Frye*, 2012 WL 932020, at *9.  The Court reaffirmed *Hill*, however, in saying that when "a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Id.* at *11–*12 (quoting *Hill*, 474 U.S. at 59).  And in any event, Defendant's allegations come up short in several respects under even the *Frye* test.  He alleges no facts that would suggest that his attorney could have successfully negotiated a plea agreement allowing him to appeal the denial of his suppression motion or to seek a downward departure in his sentence.  Nor has he provided any reason to believe that he could have prevailed on such an appeal or persuaded the district court to depart downward.  Because of this failure to allege prejudice adequately, Defendant's ineffective-assistance claims lacked any colorable merit.

## C.    Denial of Evidentiary Hearing

"We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion."  *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir.

2004). Defendant contends that the district court erred when it refused to hold an evidentiary hearing to resolve his ineffective-assistance-of-counsel claims. But "[d]istrict courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). Given the conclusory nature of Defendant's allegations, the district court's denial of an evidentiary hearing was not an abuse of discretion.

## III. CONCLUSION

We DENY Defendant's application for a COA and DISMISS his appeal. We GRANT Defendant's request to proceed *in forma pauperis*.