**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND H. GRUZINSKY,

    Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

    Respondent - Appellee.

No. 12-5179

(N.D. Oklahoma)

(D.C. No. 4:12-CV-00053-TCK-PJC)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Raymond H. Gruzinsky, proceeding *pro se*, seeks a certificate of

appealability ("COA") in order to appeal the dismissal of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. We deny Mr. Gruzinsky a COA and

dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

It appears that Mr. Gruzinsky was initially taken into custody by Oklahoma County officials on February 12, 2009, pursuant to a bench warrant which was issued following an application to revoke Mr. Gruzinsky's suspended three-year sentence in Oklahoma County District Court Case No. CF-2000-5529 ("Okla. County Case"). He was placed in the custody of the Oklahoma Department of Corrections ("ODOC") on May 26, 2009, to serve that now-revoked three-year suspended sentence.

Subsequently, on January 8, 2010, Mr. Gruzinsky received a four-year sentence in Logan County District Court Case No. CF-2008-127 ("Logan County Case"), to be served concurrently with the three-year sentence imposed in the Okla. County Case.[1] Mr. Gruzinsky discharged his sentence in the Okla. County Case on October 22, 2010, and he discharged his sentence in the Logan County Case on November 7, 2011.

---

[1]We note, without comment on its merits or its impact, if any, on Mr. Gruzinsky's arguments about his state sentences, that the Oklahoma County district court stated in the denial of Mr. Gruzinsky's petition for a mandamus in Case No. CV-2010-1116 that "the Logan County Court improperly ordered that Petitioner be awarded credit against his Logan County conviction for time served in Oklahoma County jail for his revoked Oklahoma County conviction. DOC Sentence Administrator Jim Rabon recognized that the portion of the Logan County Judgment and Sentence awarding Petitioner credit for jail time served on an Oklahoma County case was improper." Order at 2 (attached to 28 U.S.C. § 2241 petition).

Meanwhile, on June 7, 2010, Mr. Gruzinsky pled guilty to aggravated assault and battery, after former convictions for two or more felonies. He was sentenced to thirty years' imprisonment, with all but the first fifteen years suspended. He began serving his sentence on that case on November 7, 2011. That is the case for which Mr. Gruzinsky is currently in custody. Mr. Gruzinsky did not appeal that sentence.

Additionally, while in custody for the two earlier state sentences (the Okla. and Logan County Cases), Mr. Gruzinsky, on February 23, 2010, filed a request to prison staff regarding his sentences. He then filed an administrative grievance. After the denial of relief, Mr. Gruzinsky appealed that denial, but his administrative appeal was returned unanswered as untimely.

On September 7, 2010, Mr. Gruzinsky filed a petition for a writ of mandamus in the Oklahoma County District Court, assigned Case No. CV-10-1116. The court denied relief on March 4, 2011. Mr. Gruzinsky appealed that denial to the Oklahoma Court of Criminal Appeals ("OCCA"). On May 13, 2011 (in Case No. MA-2011-215), the OCCA cited the Oklahoma Court of Criminal Appeals Rules 10.1(C)(2) and 10.5(5) to deny mandamus relief, finding that because Mr. Gruzinsky had failed to provide a copy of either his petition as filed in the district court or a copy of the response filed by the state, the OCCA was "unable to determine if the District Court improperly denied Petitioner a writ of mandamus and whether this Court should now grant him the writ." Mr.

Gruzinsky thereafter filed a petition on May 5, 2011, in the Oklahoma Supreme

Court, Case No. 109,431, which was transferred to the OCCA where, on

January 25, 2012, the OCCA cited Rule 10.1(C) to decline jurisdiction and

dismiss the matter as untimely.[2]

---

[2]While the federal district court did not mention them, there were other state court proceedings involving Mr. Gruzinsky. According to an order of the OCCA, recently filed with this court, on October 28, 2010, Mr. Gruzinsky filed a "Request for Order Nunc Pro Tunc," alleging, *inter alia*, that the order of judgment and sentence in his case failed to stipulate that he was to receive credit for time served and that his sentence was to be served concurrently with the sentences imposed in the other state court cases (the Okla. and Logan County cases). In a decision announced by court minute entry on December 10, 2010, and memorialized in an order filed on December 30, 2010, the state court judge denied Mr. Gruzinsky's request for an order "Nunc pro Tunc." It appears that Mr. Gruzinsky was not present during the proceedings.

On March 24, 2011, Mr. Gruzinsky filed another "Motion for Order Nunc Pro Tunc" again requesting the correction of his judgment and sentence because it did not "properly reflect the terms of the plea agreement" relating to concurrent sentences and time served. A different state court judge denied this motion on June 17, 2011.

Mr. Gruzinsky was able to establish, however, that he did not receive notice of this last order denying his motion within thirty days of its issuance, as required. The OCCA then gave Mr. Gruzinsky "leave to commence out of time in this Court such original or appellate proceedings that might properly lie in challenge or review of that written order filed on June 17, 2011." Order Issuing Writ of Mandamus at 2 (quoting Gruzinsky v. State, No. PC-2011-1023 at 4 (Okla. Crim. App. April 6, 2012) (unpublished)). In accordance with that April 6 order, Mr. Gruzinsky filed, on May 7, 2012, a "Petition in Error" and a "Brief in Support of Petition in Error," raising a number of challenges to the proceedings leading up to his conviction. The OCCA construed that petition as an original proceeding for a writ of mandamus, and ultimately granted that writ, permitting Mr. Gruzinsky to proceed with his request for an order "Nunc Pro Tunc," and directed the lower court to consider that issue on its merits. Our record contains no information about the current status, if any, of any proceedings relating to this last directive.

Mr. Gruzinsky filed the instant 28 U.S.C. § 2241 on February 8, 2012. He claimed that the ODOC officials failed to administer his sentence in the Logan County case concurrently with his sentence in the Okla. County case: "The Oklahoma Department of Corrections is refusing to administer the sentence in Logan County Case No. CF-2008-127 in the manner proscribed [sic] on the Judgment and Sentence, in violation of Petitioner's Fourteenth Amendment right to due process." Petition at 3.

In response, the Warden filed a motion to dismiss, arguing that the petition failed to state a claim upon which relief may be granted and that, even if it stated a cognizable constitutional violation, the petition would be procedurally barred.

The district court dismissed the petition, concluding that the petition concerned the application of state law only and, as such, did not involve the denial of a constitutionally protected right. The court also determined, alternatively, that the petition was procedurally barred. The district court then: denied Mr. Gruzinsky's motion for reconsideration; denied his request for a COA; and granted his request to proceed *in forma pauperis*.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court's decision was thorough and precise. We cannot improve on its analysis. Accordingly, for substantially the reasons set forth in that decision, we agree that a COA should not issue and this matter should be dismissed.

**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter.[3]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3]Appellant's second motion titled, "Request for Interventionism for Court Imposed Rules" is denied.

FILED
United States Court of Appeals
Tenth Circuit

January 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND H. GRUZINSKY,

        Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

        Respondent - Appellee.

No. 12-5179

(N.D. Oklahoma)

(D.C. No. 4:12-CV-00053-TCK-PJC)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Raymond H. Gruzinsky, proceeding *pro se*, seeks a certificate of

appealability ("COA") in order to appeal the dismissal of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  We deny Mr. Gruzinsky a COA and

dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

It appears that Mr. Gruzinsky was initially taken into custody by Oklahoma County officials on February 12, 2009, pursuant to a bench warrant which was issued following an application to revoke Mr. Gruzinsky's suspended three-year sentence in Oklahoma County District Court Case No. CF-2000-5529 ("Okla. County Case"). He was placed in the custody of the Oklahoma Department of Corrections ("ODOC") on May 26, 2009, to serve that now-revoked three-year suspended sentence.

Subsequently, on January 8, 2010, Mr. Gruzinsky received a four-year sentence in Logan County District Court Case No. CF-2008-127 ("Logan County Case"), to be served concurrently with the three-year sentence imposed in the Okla. County Case.[1] Mr. Gruzinsky discharged his sentence in the Okla. County Case on October 22, 2010, and he discharged his sentence in the Logan County Case on November 7, 2011.

---

[1]We note, without comment on its merits or its impact, if any, on Mr. Gruzinsky's arguments about his state sentences, that the Oklahoma County district court stated in the denial of Mr. Gruzinsky's petition for a mandamus in Case No. CV-2010-1116 that "the Logan County Court improperly ordered that Petitioner be awarded credit against his Logan County conviction for time served in Oklahoma County jail for his revoked Oklahoma County conviction. DOC Sentence Administrator Jim Rabon recognized that the portion of the Logan County Judgment and Sentence awarding Petitioner credit for jail time served on an Oklahoma County case was improper." Order at 2 (attached to 28 U.S.C. § 2241 petition).

Meanwhile, on June 7, 2010, Mr. Gruzinsky pled guilty to aggravated assault and battery, after former convictions for two or more felonies. He was sentenced to thirty years' imprisonment, with all but the first fifteen years suspended. He began serving his sentence on that case on November 7, 2011. That is the case for which Mr. Gruzinsky is currently in custody. Mr. Gruzinsky did not appeal that sentence.

Additionally, while in custody for the two earlier state sentences (the Okla. and Logan County Cases), Mr. Gruzinsky, on February 23, 2010, filed a request to prison staff regarding his sentences. He then filed an administrative grievance. After the denial of relief, Mr. Gruzinsky appealed that denial, but his administrative appeal was returned unanswered as untimely.

On September 7, 2010, Mr. Gruzinsky filed a petition for a writ of mandamus in the Oklahoma County District Court, assigned Case No. CV-10-1116. The court denied relief on March 4, 2011. Mr. Gruzinsky appealed that denial to the Oklahoma Court of Criminal Appeals ("OCCA"). On May 13, 2011 (in Case No. MA-2011-215), the OCCA cited the Oklahoma Court of Criminal Appeals Rules 10.1(C)(2) and 10.5(5) to deny mandamus relief, finding that because Mr. Gruzinsky had failed to provide a copy of either his petition as filed in the district court or a copy of the response filed by the state, the OCCA was "unable to determine if the District Court improperly denied Petitioner a writ of mandamus and whether this Court should now grant him the writ." Mr.

Gruzinsky thereafter filed a petition on May 5, 2011, in the Oklahoma Supreme

Court, Case No. 109,431, which was transferred to the OCCA where, on

January 25, 2012, the OCCA cited Rule 10.1(C) to decline jurisdiction and

dismiss the matter as untimely.[2]

-------

[2]While the federal district court did not mention them, there were other state court proceedings involving Mr. Gruzinsky. According to an order of the OCCA, recently filed with this court, on October 28, 2010, Mr. Gruzinsky filed a "Request for Order Nunc Pro Tunc," alleging, *inter alia*, that the order of judgment and sentence in his case failed to stipulate that he was to receive credit for time served and that his sentence was to be served concurrently with the sentences imposed in the other state court cases (the Okla. and Logan County cases). In a decision announced by court minute entry on December 10, 2010, and memorialized in an order filed on December 30, 2010, the state court judge denied Mr. Gruzinsky's request for an order "Nunc pro Tunc." It appears that Mr. Gruzinsky was not present during the proceedings.

On March 24, 2011, Mr. Gruzinsky filed another "Motion for Order Nunc Pro Tunc" again requesting the correction of his judgment and sentence because it did not "properly reflect the terms of the plea agreement" relating to concurrent sentences and time served. A different state court judge denied this motion on June 17, 2011.

Mr. Gruzinsky was able to establish, however, that he did not receive notice of this last order denying his motion within thirty days of its issuance, as required. The OCCA then gave Mr. Gruzinsky "leave to commence out of time in this Court such original or appellate proceedings that might properly lie in challenge or review of that written order filed on June 17, 2011." Order Issuing Writ of Mandamus at 2 (quoting Gruzinsky v. State, No. PC-2011-1023 at 4 (Okla. Crim. App. April 6, 2012) (unpublished)). In accordance with that April 6 order, Mr. Gruzinsky filed, on May 7, 2012, a "Petition in Error" and a "Brief in Support of Petition in Error," raising a number of challenges to the proceedings leading up to his conviction. The OCCA construed that petition as an original proceeding for a writ of mandamus, and ultimately granted that writ, permitting Mr. Gruzinsky to proceed with his request for an order "Nunc Pro Tunc," and directed the lower court to consider that issue on its merits. Our record contains no information about the current status, if any, of any proceedings relating to this last directive.

-4-

Mr. Gruzinsky filed the instant 28 U.S.C. § 2241 on February 8, 2012. He claimed that the ODOC officials failed to administer his sentence in the Logan County case concurrently with his sentence in the Okla. County case: "The Oklahoma Department of Corrections is refusing to administer the sentence in Logan County Case No. CF-2008-127 in the manner proscribed [sic] on the Judgment and Sentence, in violation of Petitioner's Fourteenth Amendment right to due process." Petition at 3.

In response, the Warden filed a motion to dismiss, arguing that the petition failed to state a claim upon which relief may be granted and that, even if it stated a cognizable constitutional violation, the petition would be procedurally barred.

The district court dismissed the petition, concluding that the petition concerned the application of state law only and, as such, did not involve the denial of a constitutionally protected right. The court also determined, alternatively, that the petition was procedurally barred. The district court then: denied Mr. Gruzinsky's motion for reconsideration; denied his request for a COA; and granted his request to proceed *in forma pauperis*.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court's decision was thorough and precise. We cannot improve on its analysis. Accordingly, for substantially the reasons set forth in that decision, we agree that a COA should not issue and this matter should be dismissed.

**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter.[3]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3]Appellant's second motion titled, "Request for Interventionism for Court Imposed Rules" is denied.