**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUDAH PRINCE, a/k/a Rex A. Lutes,

Defendant-Appellant.

No. 13-3092
(D.C. Nos. 6:12-CV-01442-JTM and
6:09-CR-10008-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Defendant Judah Prince, a federal prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2255 habeas petition. Following a jury trial, Defendant was convicted on one count of manufacturing marijuana plants and twenty-five counts of making false statements to a federally licensed firearms dealer. He was sentenced to ten years' imprisonment. Defendant appealed, and we affirmed his conviction and sentence. *United States v. Prince*, 647 F.3d 1257 (10th Cir. 2011). Defendant then filed the instant habeas petition, alleging that his trial counsel was ineffective for failing to cross-examine government witnesses on what Defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

maintains was false and misleading testimony and for failing to properly argue that the government engaged in prosecutorial misconduct relating to the allegedly false and misleading evidence. The district court denied Defendant's petition, concluding that the record demonstrates Defendant's "counsel cross-examined each witness vigorously and effectively on his client's behalf." (R. at 301.)

After thoroughly reviewing the record and Defendant's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We further reject Defendant's contention that the district court erred in refusing his request for an evidentiary hearing.[1] Defendant contends that such a hearing was necessary because "[c]learly, there is a conflict between parties." (Appellant's Br. at 2.) However, because Defendant's claims of ineffective assistance of counsel can be resolved on the basis of the record alone, we

---

[1] Defendant attempts to raise two additional claims that were not included in his § 2255 motion: (1) counsel was ineffective in failing to alert the district court to Defendant's concerns regarding the prejudice Defendant believed he suffered as a result of ex parte communications between the court and a juror who had been excused near the end of trial because of a scheduled work trip, and (2) counsel was ineffective in failing to challenge Tenth Circuit precedent establishing that "the 'fact' of a prior conviction [used for a sentencing enhancement] may be found by a sentencing judge rather than a jury," *Prince*, 647 F.3d at 1271 (citing cases), which Defendant believes conflicts with the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because, even construing Defendant's pro se petition liberally, both of these arguments were raised for the first time on appeal, we will not consider them. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (refusing to consider alternative bases for the petitioner's ineffective assistance of counsel claim because the petitioner "did not raise these matters in [the] district court and has not provided a reason to deviate from the general rule that we do not address arguments presented for the first time on appeal" (internal quotation marks omitted)).

conclude the district court did not abuse its discretion in refusing to hold an evidentiary hearing. *See Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010). Therefore, for substantially the same reasons given by the district court, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge