**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICHOLAS JOSEPH RAMIREZ,

    Defendant - Appellant.

No. 16-6092
(D.C. Nos. 5:15-CV-00016-R and
5:12-CR-00090-R-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

The United States District Court for the Western District of Oklahoma denied

Defendant Nicholas Ramirez's motion for relief under 28 U.S.C. § 2255. It also denied a

certificate of appealability (COA). Defendant then filed a request for a COA with this

court. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal denial of relief under §

2255). We deny his request and dismiss the appeal.

Defendant and 21 others were indicted on 147 counts related to a drug conspiracy.

Defendant was indicted on 12 counts, which charged drug conspiracy (count 1), money-

laundering conspiracy (count 2), violation of the Travel Act (count 27), attempted

distribution of ecstasy (counts 32 and 100), distribution of ecstasy (count 101), and

money laundering (counts 103–108). Under an agreement with the prosecution, ten

counts were dismissed and Defendant pleaded guilty to conspiracy to distribute

controlled dangerous substances (count 1), *see* 21 U.S.C. § 846, and conspiracy to launder proceeds of the drug conspiracy (count 2), *see* 18 U.S.C. § 1956(h). As part of the agreement, he waived his right to appeal or to collaterally challenge his conviction or sentence. On July 1, 2013, the court sentenced him to 180 months' imprisonment (later reduced to 151 months under Amendment 782 to the United States Sentencing Guidelines) and three years of supervised release.

Defendant contends that his trial counsel was ineffective in four respects: (1) failing to object to the quantity of marijuana attributed to Defendant in his presentence report; (2) failing to advise him that he could contest the chemical composition of the ecstasy pills attributed to him in the plea agreement; (3) failing to inform him that his conviction could increase his sentence in a case pending in California; and (4) misinforming him about the sentence he was facing by incorrectly estimating his sentence and by failing to inform him of the effects of a possible managerial-role enhancement and his misdemeanor convictions on his guidelines sentencing range. He also challenges the district court's denial of his request for an evidentiary hearing.

We can grant a COA only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the movant must show that the district court's resolution of the constitutional

claim was either "debatable or wrong." *Id.* If the motion was denied on procedural grounds, the movant faces a double hurdle. Not only must the movant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.*

Before addressing the merits we consider the effect of the waiver in Defendant's plea agreement. The waiver states that "defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction . . . ." *United States v. Ramirez*, No. CR-12-090-R, Plea Agreement at 9 (W.D. Okla. Sept. 6, 2012), ECF No. 365. A waiver of the right to bring a collateral attack in a plea agreement is enforceable so long as (1) the collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral review; and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (reviewing waiver of appellate rights); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) (enforceability of waiver of right to bring collateral attack is assessed under the same standard as a waiver of appellate rights). A miscarriage of justice occurs when (1) "the district court

**3**

relie[s] on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). Moreover, under what is called the *Cockerham* exception, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187.

Defendant's first claim—that his counsel failed to object to the quantity of marijuana attributed to him in the presentence report—is barred by his waiver. The claim falls squarely within the waiver, and Defendant does not argue that his counsel's failure to object to the quantity of marijuana made his waiver unknowing or involuntary, or that enforcing the waiver would result in a miscarriage of justice. Nor does this claim qualify for the *Cockerham* exception because it challenges only the sentencing, not the validity of the plea or the waiver. *See id.* at 1188. (To the extent that Defendant is arguing that his counsel should have had the ecstasy pills chemically tested for purposes of sentencing, that claim is likewise waived.)

Defendant's sole argument to overcome the waiver is based on a 2014 memorandum by the Deputy Attorney General counseling federal prosecutors not to obtain such waivers, and not to enforce previously executed waivers (such as Defendant's) "when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve." Memorandum from James M. Cole, Deputy Attorney General, to

**4**

All Federal Prosecutors (Oct. 14, 2014); Aplt. App. at 130 (reproducing the memorandum). An argument is forfeited, however, if not properly preserved in district court. *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006). To be sure, we can review forfeited arguments for plain error, *see id.*, but a plain-error argument is waived unless the appellant requests plain-error review in this court and puts forward arguments concerning its application. *See United States v. Bustamante-Conchas*, No. 15-2025, 2016 WL 4183827, at *3 (10th Cir. Aug. 8, 2016). Here, Defendant failed to raise the Cole memorandum in district court, and he has not asked for plain-error review on appeal. Further, the memorandum was not in the district-court record; Defendant inserted it in his appellate appendix in violation of the appellate rules. *See* Fed. R. App. P. Rule 30(a) (composition of the appendix); *see also id.* at 10(a) (composition of the record on appeal). We therefore do not address the issue.

Defendant's remaining three ineffective-assistance claims are not waived by the plea agreement because they attack the validity of his plea. To prevail on these claims, Defendant must show that his counsel's representation fell below an objective standard of reasonableness and that counsel's deficiency actually prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When challenging a guilty plea, proving prejudice requires Defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant's first challenge to his plea arises from the alleged failure of his counsel to inform him that he could contest the chemical composition of the ecstasy pills

**5**

attributed to him before stipulating to the quantity of pills in his plea agreement, thereby "render[ing] his plea wholly uninformed." Aplt. Br. at 15. Defendant asserts that if counsel had tested the pills and discovered that they were not pure MDMA (the shorthand for methylenedioxymethamphetamine, which is the active ingredient in ecstasy pills), his applicable guidelines sentencing range would have been lower. But Defendant bears the burden of proving that counsel's performance caused him prejudice, *see Strickland*, 466 U.S. at 694, and he has produced no evidence that testing the pills would have resulted in lowering his guidelines range. All he says is that "the pills from California that were used as the stipulated drug amount for sentencing purposes in Oklahoma contained BZP [1-benzylpiperazine] according to the lab reports of the Government." Aplt. Br. at 16. This information does not help Defendant. It indicates that a sample of the pills he was charged with were in fact tested; yet he does not provide a calculation based on those test results that would require a lower guidelines range. We also note that the stipulated quantity of pills in the plea agreement is less than a third of the quantity set forth in his presentence report, suggesting that a chemical test would have been irrelevant to his decision to plea. *See Hill*, 474 U.S. at 59.

Defendant's second challenge to his plea arises from the alleged failure of his counsel to warn him of the potential consequences of his plea on pending proceedings in the Eastern District of California, where he had been indicted on similar drug and money-laundering charges. His concern is that his conviction in this case could increase his eventual sentence in California by increasing his criminal-history points for a future computation of his guidelines sentence. But that prospect is highly unlikely. In

**6**

calculating Defendant's guidelines sentencing range in the California case, Defendant's conviction in this case would be considered a "prior sentence" only if it was "not part of the instant offense." USSG §4A1.2(a)(1). The guidelines commentary explains that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense." USSG. § 4A1.2 n.1. That is the situation here. Defendant asserts that he "was indicted not only in Oklahoma, but also in the federal district for the Eastern District of California as part of the same underlying drug and money laundering conspiracy." Aplt. Br. at 10. And the point was not disputed in district court. As the court said in denying relief on this claim, "[I]n light of the representations of the parties that the California charges are related to the Oklahoma charges and the language of the relevant sentencing guidelines, Defendant's contention that prejudice is apparent is without merit." *United States v. Ramirez*, No. 15-16-R, Order at 8 (W.D. Okla. Feb. 17, 2016), ECF No. 972. Not only was Defendant not prejudiced by his attorney's failure to advise him of this remote possibility, but his attorney was also not ineffective for failing to inform him of a highly unlikely repercussion of his plea.

In his third challenge to his plea, Defendant argues that his counsel misled him by predicting a sentence between six and ten years if he pleaded guilty versus 16 or more years if he went to trial; failed to inform him that he could receive a managerial-role enhancement to his offense level[1]; and failed to inform him about the impact of his prior

---

[1] Later in his brief, Defendant admits that his counsel informed him of the managerial-role enhancement. *See* Aplt. Br. at 19 ("the plea agreement itself was silent as to whether [the managerial-role] enhancement would be imposed, and trial counsel simply told Ramirez that the issue would be 'argued at sentencing'"). Perhaps he is saying only that

misdemeanor convictions on his criminal-history computation. But ordinarily an erroneous sentencing estimate does not in itself render counsel's performance constitutionally deficient. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). And in any event, the cumulative effect of counsel's alleged errors could not have resulted in prejudice to Defendant by misleading him about his sentencing exposure. He was informed in his plea agreement and at the plea hearing that he was facing a maximum sentence of 20 years for each of the two counts to which he pleaded guilty, and that the sentence he would receive would be solely within the control of the district judge.

Finally, Defendant challenges the district court's denial of his request for an evidentiary hearing. We review that denial for an abuse of discretion. *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012). Defendant has failed to allege that he could have presented relevant evidence at a hearing; he failed even to allege facts that could entitle him to relief. Because, he has not shown that an evidentiary hearing would serve a purpose, there was no abuse of discretion.

Reasonable jurists could not debate the merits of the denial of Defendant's § 2255 motion. We **DENY** his request for a COA and **DISMISS** his appeal.

<div style="margin-left:50%">

Entered for the Court


Harris L Hartz
Circuit Judge

</div>

---

counsel did not adequately explain the potential effect of the enhancement on his sentence.