**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY BROOKS,

    Defendant - Appellant.

No. 16-3064
(D.C. Nos. 2:14-CV-02624-JWL &
2:10-CR-20078-JWL-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Anthony Brooks seeks a certificate of appealability ("COA") to challenge the

district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss

the appeal.

**I**

Brooks was indicted on one count of armed bank robbery in violation of

18 U.S.C. § 2113(a) and (d). At trial, the government offered a flotilla of evidence,

including the testimony of Bethany Stone, a forensic scientist who testified as the

government's DNA expert. Stone analyzed zip ties used by the robber to bind two

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bank tellers' wrists and ankles during the robbery. She identified Brooks as a major contributor of DNA recovered from one of the zip ties. Although there was evidence that Brooks was in a relationship with one of the bank tellers and had sex with her hours before the robbery, Stone testified that it was "very highly unlikely" that his DNA wound up on the zip tie as a result of a secondary transfer from this bank teller. She explained that with a secondary transfer, the person who does not have direct contact—in this case with the zip tie—would usually be a minor contributor of DNA, not a major contributor as was Brooks. Based on this and other evidence, the jury convicted Brooks. The district court sentenced him to 188 months in prison. We affirmed the conviction on direct appeal. United States v. Brooks, 727 F.3d 1291, 1308 (10th Cir. 2013).

Brooks subsequently filed a § 2255 motion pro se, claiming his attorney was ineffective for failing to object to Stone's testimony.[1] He argued that Stone's opinion was unreliable and violated Fed. R. Evid. 702, which requires that expert testimony be based on sufficient facts or data and reliable principles. In support of this claim, he submitted a new expert report prepared by a forensic consultant, Suzanna Ryan, who did not testify at trial. Ryan's report was critical of Stone's methodologies and indicated it was "quite possible" that a secondary transfer had occurred based on Brooks' relationship with the teller. According to Ryan's report, "[p]eer-reviewed journal research actually shows that it is NOT possible to determine if the DNA

---

[1] The motion raised four other ineffective assistance claims that are not the subject of this COA application.

2

present on an item is due to secondary transfer or primary transfer based upon [the] amount of DNA present or based upon major vs. minor contributor." In light of this report, Brooks asserts that Stone's opinion was speculative and lacked a proper foundation, and, that as a consequence, his attorney was ineffective for failing to object to it.

The district court rejected this claim, reasoning that Stone's opinion was premised on her finding that Brooks was a major contributor of the DNA. Moreover, the court noted that her opinion was supported by literature with which Brooks' trial expert agreed on cross-examination. More fundamentally, the court observed that although Ryan's report indicated it was impossible to definitively determine whether a secondary transfer occurred based on a person's status as a major or minor contributor, it did not contradict Stone's opinion, which concerned the likelihood of a secondary transfer. Thus, the court held that Brooks failed to establish that Stone's opinion should have been excluded, that his attorney was deficient in declining to object, or that he was prejudiced by his attorney's decision. Brooks now seeks a COA, arguing that the district court erred both in denying his claim and in failing to hold an evidentiary hearing on whether Ryan refuted Stone's opinion.

## II

To appeal the district court's denial of § 2255 relief, Brooks must obtain a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Brooks must demonstrate "that reasonable jurists could debate whether (or,

3

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We do not engage in a "full consideration of the factual or legal bases adduced in support of the claims" but rather "an overview of the claims . . . and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

## A

To establish ineffective assistance of counsel, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). This is a two-pronged test requiring both "that counsel's representation fell below an objective standard of reasonableness" and that "counsel's performance . . . [was] prejudicial to the defense." Id. at 688, 692.

Regarding the first prong, no reasonable jurist could debate the district court's conclusion concerning counsel's decision not to object to Stone's opinion. Stone testified that a secondary transfer of Brooks' DNA was "very highly unlikely." As the district court observed, this opinion was based on Stone's finding that Brooks was a major contributor of the DNA. It was also supported by literature presented at trial and the testimony of Brooks' trial expert. Because Ryan's report addresses the possibility of determining whether a secondary transfer in fact occurred, not its likelihood, it does not render Stone's opinion unreliable. Indeed, the report states that a secondary transfer was possible but that there is no way to confirm it based on

4

forensic testing. On that score, Stone recognized on cross-examination that a secondary transfer was "possible but not as likely in this situation." She also understood there was no way to confirm secondary transfer based on forensic testing, as reflected in her answer to this question: "[Y]ou can't analyze the DNA that you detected on an object and tell whether it got there by direct touch, by transference from another human or object, or by some other means, can you?" Stone replied, "I cannot say how DNA was placed on an item, no." This testimony is consistent with Ryan's report, which perhaps only obliquely commented on the likelihood of a secondary transfer by stating "it is quite possible that [a] secondary transfer has occurred in this case." Even if this statement can be read as commenting on the likelihood of a secondary transfer, it would have affected only the weight of Stone's opinion, not its admissibility. See United States v. Cavely, 318 F.3d 987, 997-98 (10th Cir. 2003) (concluding that, if methodology and reliability of expert testimony was established, questions underlying its validity went to the weight of the evidence, not its admissibility); see also Charles Alan Wright et al., 29 Fed. Prac. & Proc. Evid. § 6262 (2d ed. 2016) ("Assuming the expert testimony has the earmarks of reliability, the evidence is then admitted and subjected to the kind of adversarial attack that facilitates the jury's central functions of deciding what weight to attribute to evidence and which witnesses to believe.").

Nevertheless, Brooks argues that, when read in context, Ryan's report forecloses all conclusions concerning the likelihood of a secondary transfer based on his status as a major contributor of the DNA. We disagree. Ryan acknowledged that

5

Stone's opinion was based on a finding that Brooks was a major contributor of the DNA. And although she noted that defense counsel did not question Stone on the basis for her opinion, she recognized that Stone indicated on redirect that her opinion was based on "a lot of research and publications other labs have performed, [ ] experimentation, and . . . experience with other case work that usually the most probable explanation for a major profile is that somebody came into contact with that item." Ryan then said that it is impossible "to determine if the DNA present on an item is due to secondary transfer . . . based upon [the] amount of DNA present," but that research articles demonstrate that a secondary transfer is possible. Nothing in the context of these statements forecloses or refutes the opinion that a secondary transfer was unlikely. Brooks nevertheless urges us to liberally construe the report as he does, citing his pro se status at the time Ryan prepared it. See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007) (noting that pro se filings are entitled to a solicitous construction). But he offers no authority for extending our liberal-construction rule to a report prepared by a forensics expert.[2]

---

[2] Brooks also contends we should liberally construe his claim to raise several additional arguments, including one asserting that, even if Stone's opinion was properly admitted, counsel was ineffective in failing "to become sufficiently well-versed in the scientific literature to be able to effectively cross-examine Ms. Stone." Although we afford pro se pleadings a solicitous construction, this theory was not raised in Brooks' § 2255 motion, nor was it addressed by the district court. Thus, we will not consider it. See United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012) (declining to "deviate from the general rule that we do not address arguments presented for the first time on appeal" (quotation omitted)).

We acknowledge that another of Brooks' claims argued that his attorney was ineffective for failing to seek a continuance to allow his trial expert to better prepare

(continued)

As for the second ineffective-assistance prong, no reasonable jurist could debate the district court's conclusion that Brooks was not prejudiced by his attorney's failure to object. Brooks says the evidence against him "was far from overwhelming," but another panel of this court determined on direct appeal that apart from Stone's opinion, there was significant evidence supporting the jury's verdict, see Brooks, 727 F.3d at 1305. That evidence included the robber's prior relationship with the bank teller and knowledge of the bank's procedures and protocols; the possibility that the teller gave Brooks information about the bank's operations; and testimony that the bank teller with whom Brooks had a relationship was treated more favorably by the robber than the other teller, was able to easily open a safe with more money than another safe containing substantially less money, and was unusually calm immediately following the robbery. Id. at 1305-06. The jury also heard evidence of

for cross-examination by reviewing the government's literature, but that theory did not advance the argument Brooks now urges upon us—that his attorney was ineffective in failing to better educate himself on the scientific literature. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127-28 (10th Cir. 2011) (holding new theories raised on appeal are waived or forfeited). And it is unavailing that Brooks' appellate docketing statement lists all five claims from his § 2255 motion, because he does not seek a COA on any other claim. See Kabba v. Mukasey, 530 F.3d 1239, 1248 n.5 (10th Cir. 2008) ("Any issue raised in a Docketing Statement, but not argued in the opening brief is deemed abandoned . . . ."). Brooks points out that he mentioned, in his traverse to the government's response to the § 2255 motion, that his attorney should have been better informed on the scientific literature to correct inaccurate or unreliable testimony. But that passing reference failed to preserve the entirely new theory he asks us to liberally construe from his failure-to-object claim. See Somerlott v. Cherokee Nation Distribs., Inc., 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (quotation omitted)). In short, we decline to construe other theories from Brooks' consistently articulated claim that counsel was ineffective for failing to object to Stone's opinion.

Brooks' phone records; that he matched the description of the robber; and that his financial circumstances dramatically improved after the robbery. Id. Given this evidence, the district court's conclusion is not reasonably debatable, nor does the issue of prejudice warrant further consideration.

**B**

Brooks also contends the district court should have held an evidentiary hearing to clarify whether Ryan's report was intended to refute Stone's opinion. Under 28 U.S.C. § 2255(b), the district court must grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." We review the district court's decision to deny an evidentiary hearing for abuse of discretion. United States v. Weeks, 653 F.3d 1188, 1200 (10th Cir. 2011). Our general assessment of this claim demonstrates Brooks is not entitled to relief. It follows, then, that no reasonable jurist could debate the court's decision to deny the claim without a hearing.

**III**

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge