**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS FRANCIS HALE,

Defendant - Appellant.

No. 17-4127
(D.C. Nos. 2:16-CV-00445-DN &
2:06-CR-00871-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This appeal involves a motion to vacate a criminal conviction. The

defendant went bankrupt and clashed with the bankruptcy trustee. The

clashes escalated, and the defendant mailed the trustee a substance with a

suggestion that it might constitute a deadly biological agent called

"hantavirus." (The substance actually comprised mouse droppings rather

_____

* The parties do not request oral argument, and it would not materially
aid our consideration of the appeal. Thus, we have decided the appeal
based on the briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

than hantavirus.) The mailing led to a conviction for concealing a contract in the bankruptcy proceedings and perpetrating a hoax regarding the transmission of a biological agent.

After unsuccessfully appealing the conviction, the defendant moved for vacatur of his sentence, alleging that he had been incompetent during the trial and that his trial counsel had been ineffective. The district court denied the motion without holding an evidentiary hearing. On appeal, the defendant argues that he was entitled to an evidentiary hearing. We disagree.[1]

## Merits

### 1. The Standard of Review

To evaluate the defendant's argument regarding the need for an evidentiary hearing, we engage in a two-step inquiry. We start with whether the defendant would be entitled to relief if his allegations were proven. *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992). If he would be entitled to relief upon proof of the allegations, we consider whether the district court abused its discretion in declining to conduct an evidentiary hearing. *Id.*

---

[1] The government argues that we should not entertain these claims, relying on the doctrines of law of the case and issue preclusion. We assume for the sake of argument that these doctrines do not apply here.

**2.    Claims Involving Competency and Ineffective Assistance for Failure to Challenge Competency**

We consider the need for an evidentiary hearing based on the underlying claims asserted in the motion to vacate the sentence. In the motion, the defendant claimed in part he was not competent during the trial and that his trial counsel had provided ineffective assistance. On the competency claim, the defendant needed to show an inability

- to sufficiently consult with his attorney or

- to understand the proceedings.

*United States v. DeShazer*, 554 F.3d 1281, 1286 (10th Cir. 2009). On the ineffective-assistance claims, the defendant needed to show that the legal representation had been deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). In our view, the district court had the discretion to reject the competency and ineffective-assistance claims without conducting an evidentiary hearing.

The district court ruled twice that the defendant had been competent to stand trial, and the defendant does not challenge either ruling. Instead, he claims that after the rulings, he took medication that impaired his thinking.

The district court rejected this claim, relying on its observations of the defendant during the trial. Reliance on these observations was proper. *See Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999) (stating that "[a]

3

trial court may rely on its own observations of the defendant's comportment"). For example, the court noted that the defendant had

- appeared to be alert and to interact with his attorney and

- spoken appropriately in answering the court's questions.

The defendant points to two incidents where he had

- taken off some outer layers of clothing and

- stated that he had found it difficult to read some words on a document (even though he had been an attorney and college professor).

But the defendant's description of these incidents need not have led the court to question the prior rulings on competency. The defendant states that he took off some of his outer clothes because he was hot. And even attorneys and college professors might find some words hard to read. As a result, there was nothing about the defendant's description of these incidents that would have compelled the court to revisit the issue of competency.

Apart from these incidents, the defendant insists that he was taking medications that could cause adverse reactions. As an example, he says that he was taking Buproprion and Zolpidem and that they could cause side effects like hallucinations. But the defendant does not suggest that he was hallucinating or otherwise experiencing any of the symptoms associated with these two medications. And aside from his discomfort with the heat and difficulty in reading some words, he presents no examples of how the

4

medications might have impaired his ability to assist in his own defense. In the absence of any such examples or support, the district court acted reasonably when disallowing an evidentiary hearing on the claims involving competency and the related claim of ineffective assistance.

**3.    Claim of Ineffective Assistance Based on the Failure to Adequately Prepare for Trial**

In the motion to vacate, the defendant also claimed that his trial counsel had failed to prepare witnesses, to present evidence regarding the defendant's reason for sending the envelope to the trustee, and to cross-examine the trustee regarding excessive billings and failure to market certain real estate. The district court declined to conduct an evidentiary hearing on these claims. This ruling fell within the court's discretion.

In part, the defendant claimed that his counsel had failed to prepare witnesses. But the defendant did not identify these witnesses or say how their testimony would have improved with better preparation.

In the appeal, the defendant also points to his motivation in sending the envelope to the trustee. According to the defendant, he sent the envelope only because the bankruptcy court had ordered him to furnish everything to the trustee. But the defendant does not suggest that the order required him to furnish mouse droppings to the trustee or to raise the possibility that the substance might contain a deadly biological agent.

In addition, the defendant insists that his counsel should have cross-examined the trustee about excessive billings, arguing that they would have affected her credibility. But the defendant does not explain why he thinks that the billings were excessive, how his counsel would have supported the allegation of excessive billings, or even why he thinks that the cross-examination would have yielded an admission of excessive billings. Thus, the district court had the discretion to deny an evidentiary hearing on this issue. *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (stating that "district courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim").

The defendant also contends that his trial counsel should have cross-examined the trustee about her failure to market the defendant's real estate. According to the defendant, his conflict with the trustee stemmed from her failure to market the real estate. But trial counsel raised this point when cross-examining the trustee. On redirect examination, the trustee explained that she had experienced difficulty in marketing the real estate because the defendant had not allowed real estate agents to come inside. In light of this testimony, the defendant fails to explain how he would have benefited from additional cross-examination. *See id*.

Finally, the defendant argues that his counsel did not prepare for his trial because he had expected the defendant to plead guilty. But as

6

discussed above, the defendant has not shown how better preparation would have affected the outcome.

* * *

We conclude that the district court had the discretion to deny an evidentiary hearing on the defendant's claims of ineffective assistance based on inadequate preparation for trial.

### 4.     Claim of Conflict of Interest

In the motion to vacate, the defendant also claimed that his trial counsel had a conflict of interest. This claim is based on trial counsel's dating experiences with a female witness who had previously dated the defendant.

At trial, however, the defendant did not claim a conflict of interest. As a result, he must show specific examples of how the purported conflict adversely affected the trial counsel's performance. *Stouffer v. Reynolds*, 168 F.3d 1155, 1161 (10th Cir. 1999). The district court didn't need an evidentiary hearing to reject this claim.

The defendant alleges that his trial counsel had failed to elicit favorable facts from the female witness. But the defendant didn't identify those facts to the district court. As a result, there was no need to hold an evidentiary hearing. *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (stating that "district courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will

7

encompass and how it will support a movant's claim"). We therefore conclude that the district court had the discretion to deny an evidentiary hearing on the defendant's claim of a conflict of interest. In light of this conclusion, we affirm the order denying the defendant's motion for vacatur of his sentence.

## Supplemental Appendix

The defendant moved for leave to file a supplemental appendix, which contains pro se materials filed in district court. But the supplemental appendix is irrelevant because its contents are not cited in the briefs. Thus, we deny the motion for leave to file a supplemental appendix.

Entered for the Court


Robert E. Bacharach
Circuit Judge