FILED
United States Court of Appeals
Tenth Circuit

December 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RYAN K. SMITH,

      Petitioner - Appellant,

v.

JIM FARRIS, Warden,

      Respondent - Appellee.

No. 16-5115
(D.C. No. 4:13-CV-00465-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

At first Ryan Smith chose to plead guilty in Oklahoma state court to charges stemming from his participation in an armed robbery. But then he sought leave to withdraw his plea. The state trial court denied the request and so did the Oklahoma Court of Criminal Appeals. Unsuccessful in state court, Mr. Turner turned to federal court, seeking relief under 28 U.S.C. § 2254. But after considering the state court record, the district court held that it could lawfully provide no relief to Mr. Smith either, and it denied him a certificate of appealability ("COA"). Now before this court, Mr. Smith renews his request for a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

COA in order to appeal the district court's dismissal of his § 2254 petition. We of course may only issue a COA if Mr. Smith first makes a "substantial showing of the denial of a constitutional right," such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We do not believe that standard met here. Mr. Smith identifies three claims that, he says, merit a COA: ones alleging violations of double jeopardy, ineffective assistance of counsel, and an unconstitutionally excessive sentence. But in a careful and thorough seventeen page opinion, the district court explained the difficulties with Mr. Smith's arguments on each of these scores. And after conducting our independent review we are unable to see how a reasonable jurist could doubt the correctness of any of these dispositions. Indeed, we discern no way we might improve on the district court's analysis and so adopt it as our own. To be sure, in addition to the matters he raised in the district court which that court addressed, Mr. Smith also seeks to raise certain entirely new issues before this court. But following our general practice we decline to consider new issues raised for the first time in a COA application to this court. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012).

The application for a COA and the motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed. Mr. Smith is reminded of his

obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge