**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY LEROY DAVIS,

    Petitioner - Appellant,

v.

JEFFERSON DAVIS,

    Respondent - Appellee.

No. 18-3174
(D.C. No. 5:18-CV-03188-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Before the court is Anthony Leroy Davis's application for a certificate of

appealability (COA). Davis is serving a life sentence in Kansas state prison for first-

degree murder, aggravated arson, and aggravated robbery. The district court denied

his 28 U.S.C. § 2254 petition and his initial application for a COA. Davis now

appeals these rulings, *pro se*. Before Davis's appeal may proceed, however, he must

obtain a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA only

where "the applicant has made a substantial showing of the denial of a constitutional

right." *Id.* at § 2253(c)(2). To make such a showing, "[t]he petitioner must

---

* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his appellate brief, Davis raises a litany of issues—including that the district court judge should have recused himself and that the state of Kansas violated his First Amendment rights because of his race. Unfortunately, he did not raise any of these issues in his petition, and we do not consider issues raised for the first time in a COA application. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012); *Smith v. Farris*, 662 F. App'x 641 (10th Cir. 2016). The only question presented in his petition is a nonsensical one, which has nothing to do with his conviction or incarceration:

> Whether or not the socialist speech of hogwash by the Reverend King Martin Luther, Jr., "I had a dream" ideations coup'etat democracy postbellum cartel nightmare fraught with devout disfranchised unconstitutional confederacy democratic parties charged with carte-blanche abolitionism overruling republican party capitaist federalisted constitutional government, reciprocal?

ROA at 31 (misspellings in original). We, of course, construe *pro se* pleadings liberally. But Davis's petition, in which he names "Jefferson Davis, President of the Confederacy" as a defendant and provides an interesting history of the Civil War, is indecipherable and in no way relates to his incarceration. *Id.* at 17–40. Because reasonable jurists would not find the district court's assessment of Davis's constitutional claims debatable or wrong, we must deny his application for a COA. *Slack*, 529 U.S. at 484.

**CONCLUSION**

For the foregoing reasons, Davis's motion to proceed *in forma pauperis* and motion for a certificate of appealability are **DENIED**.

Entered for the Court


Gregory A. Phillips
Circuit Judge